Timothy Gens
ChemAcoustic Technologies, Inc.
774 Mays Blvd. Suite 10-506
Incline Village, NV 89451
Telephone: (650) 949-4880
Facsimile:  (650) 949-4889

In Pro Per

FILED
JUL 7 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TIMOTHY GENS d/b/a CHEMACOUSTIC TECHNOLOGIES, INC.<br><br>Plaintiff,<br>Vs.<br><br>AMERIMADE TECHNOLOGY INC., UPTIME SEMICONDUCTOR EQUIPMENT SERVICE INC., AND TODD THOMAS<br><br>Defendants | CASE NO.  CV 14-01603 EJD<br><br>**AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND MISAPPROPRIATION OF TRADE SECRETS ET. AL.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Timothy Gens in the above-entitled action brings this proceeding against Defendant Amerimade Technology, Inc. (hereinafter "Amerimade"), Defendant Uptime Semiconductor Equipment Service Inc. (hereinafter "Uptime"), and Defendant Todd Thomas (hereinafter "Thomas"), as follows:

## GENERAL ALLEGATIONS

**Status of the parties:**

1.  Plaintiff is informed and believes, and on that basis alleges, that Defendants Amerimade and Uptime are incorporated in the State of California with the same principal place of business in Livermore CA in Alameda County.

2.  Plaintiff is informed and believes, and on that basis alleges, that Defendant Thomas is a resident of Livermore Ca in Alameda County.

## JURISDICTION AND VENUE

3.  This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

5.  On information and belief, Defendants are subject to personal jurisdiction in the Northern District of California (the "District", consistent with the principals of due process, because Defendants maintain offices and facilities in this District, offer their products for sale in this District, have transacted business in this District, have committed and/or induces acts of patent infringement in this District, and/or placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

6.  Venue is proper in this District pursuant to 28 U.S.C. §§1391(b), 1391(c), 1391(d), and 1400(b).

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF U.S. PATENT NO. 7,181,863)

8.  Plaintiff realleges and incorporates herein by this reference as if the same were fully set forth at this point, the allegations of all the preceding paragraphs.

9.  Plaintiff is the owner of all right, title, and interest in the '863 patent, entitled "Wafer Dryer And Method Of Drying A Wafer" duly and properly issued by the U.S. Patent and Trademark Office on February 27, 2007.  A copy of the '863 Patent is attached as Exhibit A.

10.  Defendants have been and/or are directly infringing and/or inducing infringement of and/or contributory infringing the '863 Patent by, among other things, making, using, offering to sell or selling in the United States products and/or services that are covered by at least claims 1 and 4 of the '863 patent, including, by way of example and not limitation, the semiconductor

- 2 -

AMENDED COMPLAINT

fabrication tool manufactured in the facility occupied by Defendants Amerimade, Uptime, and Thomas in Livermore CA and now operating in a facility occupied by SRI Inc. in Princeton NJ.

11. Defendants Amerimade and Thomas had access to confidential information about the '863 Patent through a Non-Disclosure Agreement and a License Agreement. The License Agreement was terminated years ago. After termination of the License Agreement, Defendants willfully and wantonly built and purchased the semiconductor fabrication tool now in Princeton NJ. Defendants then willfully and wantonly concealed from Plaintiff the building and purchase of the semiconductor fabrication tool now in Princeton NJ.

## SECOND CAUSE OF ACTION
## (MISAPPROPRIATION OF TRADE SECRETS)

12. Plaintiff realleges and incorporates herein by this reference as if the same were fully set forth at this point, the allegations of all the preceding paragraphs.

13. On information and belief, Defendants Amerimade, Uptime, and Thomas are alter egos and have such a unity of interest that to consider these Defendants to be separate entities would result in an injustice. Defendant Thomas is the sole shareholder in the Defendants Amerimade and Uptime. Defendant Thomas regularly removed cash and other assets from Defendant Amerimade to minimize the ability of creditors to attach funds. Defendant Thomas also regularly diverted funds owed to Defendant Amerimade to Defendant Uptime to minimize the ability of creditors to attach funds. Defendant Thomas also failed to keep corporate minutes and/or backdated such minutes for Defendants Amerimade and Uptime. Defendant Thomas also failed to contribute capital and file pertinent corporate data and reports with state and federal authorities for Defendants Amerimade and Uptime.

14. Plaintiff further alleges that at all relevant times, Plaintiff was in possession of trade secret information as defined by California Uniform Trade Secrets Act ("CUSTA"), Civil Code section 3426.1(d). The proprietary technical, business, and customer information of Plaintiff that Defendants Amerimade and Thomas had access to constitutes trade secrets information because Plaintiff, as described herein, derives independent economic value from that information, such

- 3 -

1  information is not generally known nor readily ascertainable by proper means by other persons
2  who can obtain economic value from its disclosure or use, and because the information is the
3  subject of reasonable efforts to maintain its secrecy. Plaintiff's trade secret information described
4  herein is not and was not generally known to Plaintiff's competitors in the industry.

5  15.    Defendants Amerimade and Thomas had access to the trade secret information through a
6  Non-Disclosure Agreement and a License Agreement. The License Agreement was terminated
7  years ago. According to these Agreements, Defendants Amerimade and Thomas were to hold the
8  trade secrets and confidential information in confidence and return all copies of the information
9  documents upon termination of the License Agreement.

10  16.    Plaintiff is informed and believes and therefore alleges that Defendants Amerimade and
11  Thomas have actually misappropriated by selling and transferring the trade secret and
12  confidential information to SRI.

13  17.    Plaintiff is informed and believes and therefore alleges that Defendants Amerimade and
14  Thomas have actually misappropriated by selling and transferring the trade secret and
15  confidential information to another company and continues to threaten to misappropriate
16  Plaintiff's trade secrets in violation of CUSTA.

17  18.    Defendants Amerimade and Thomas have and will continue to wrongfully use Plaintiff's
18  trade secrets unless enjoined. Despite Plaintiff's demand, Defendants Amerimade and Thomas
19  failed to return electronic copies of the information. Defendants Amerimade and Thomas also
20  failed to provide an affidavit stating that all information documents and files had been retuned
21  and all copies destroyed as required by the Agreements.

22  19.    Defendants Amerimade and Thomas, by their fraudulent and deceitful conduct to date
23  have demonstrated that they cannot be counted on to avoid disclosing and utilizing Plaintiff's
24  trade secrets.

25  20.    As a proximate result of Defendants Amerimade and Thomas misappropriation and
26  threatened misappropriation of Plaintiff's trade secrets, Plaintiff has suffered, and will continue to
27  suffer, irreparable harm, as well as, damages in an amount to be proven at the time of trial, but
28  which are substantial and in excess of the minimum jurisdictional amount of this Court.

AMENDED COMPLAINT

21. Because Plaintiff's remedy at law is inadequate, Plaintiff seeks temporary, preliminary and permanent injunctive relief. Plaintiff is threatened with losing customers, technology, its competitive advantage, its trade secrets and goodwill in amounts in amounts which may be impossible to determine, unless Jones is enjoined and restrained by order of this Court, as alleged above.

22. The actual and threatened misappropriation of Defendants Amerimade and Thomas has been willful and malicious in light of their deliberate violation of contractual obligations. Therefore, Plaintiff is entitled to an award of punitive or terrible damages and attorneys' fees pursuant to Civil Code §§3426.3(c) and 3426.4.

## THIRD CAUSE OF ACTION

### (CONVERSION)

23. Plaintiff realleges and incorporates herein by this reference as if the same were fully set forth at this point, the allegations of all the preceding paragraphs.

24. Under the NDA Agreement and terminated License Agreement between Plaintiff and Defendants Amerimade and Thomas, semiconductor parts were supplied to the Defendants for the purposes of demonstration only and not for resale. In violation of the License Agreement, Defendants Amerimade and Thomas failed to return the demonstration semiconductor parts upon termination of the License Agreement. To add insult to injury, Defendants Amerimade and Thomas then used the demonstration semiconductor parts to build and sell the semiconductor tool purchased by SRI Inc.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a judgment declaring that Defendants have infringed the '863 Patent;

2. For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement of the '863 Patent, together with interest and costs, and in no event less than a reasonable royalty;

- 5 -

AMENDED COMPLAINT

3.   For a judgment declaring that Defendants' infringement of the '863 Patent has been willful and deliberate;

4.   For a judgment awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. 284 as a result of Defendants' willful and deliberate infringement of the '863 Patent;

5.   For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs, and attorney fees in accordance with 35 U.S.C. 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

6.   For a grant of a permanent injunction pursuant to 35 U.S.C. 283, enjoining the Defendants from further acts of infringement; and

7.   For such other and further relief as the Court may deem just and proper.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed at Palo Alto, CA.

Dated: July 7, 2014

*[signature]*

_____

Timothy Gens

AMENDED COMPLAINT